941 F.2d 1207
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcel L. BERNARD, Defendant-Appellant.
 No. 91-2011.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1991.
Decided Aug. 19, 1991.
As Amended Oct. 22, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge; Catherine C. Blake, Magistrate Judge. (CA-90-783-JH).
 Michael John Pangia, Gilman, Olson & Pangia, Washington, D.C., for appellant.
 Richard Charles Kay, Assistant United States Attorney, Baltimore, Md. (Argued), for appellee; Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md.
 REVERSED AND REMANDED.
 Before ERVIN, Chief Judge, and WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Marcel L. Bernard appeals from an order of the district court granting summary judgment in favor of the government and assessing civil penalties against Bernard pursuant to 49 U.S.C.A. § 1471(a)(1) (West 1976) for violations of Federal Aviation Administration regulations. These regulations require that a pilot be familiar with preflight information concerning aircraft performance, 14 C.F.R. § 91.5 (1985), require that 30 minutes of fuel reserves remain on board an aircraft upon landing, 14 C.F.R. § 91.22 (1985), and prohibit operation of an aircraft in a careless or reckless manner, 14 C.F.R. § 91.9 (1985). Concluding that Bernard was not afforded an adequate opportunity for discovery prior to summary judgment, we reverse and remand.
 
 I.
 
 2
 While piloting an aircraft, Bernard was forced to make an emergency landing due to failure of the aircraft engine. At the request of an FAA investigator, Bernard submitted to the FAA an informal handwritten statement dated July 9, 1985 that provided in part:
 
 
 3
 On July 6, 1985, I preflighted [the aircraft] at 5:15 p.m. and visually checked fuel and assumed about ten gallons of gas was in the tanks. We then departed Suburban Airport about 5:30 p.m.
 
 
 4
 I was approximately airborne about 30-35 mins. before encountering engine problems.... The aircraft engine began to run rough about 6:05 p.m. that day. Partial power remained but insufficient amount to maintain altitude. I then elected to land the aircraft on nearby roadway 198. No damage was incurred and I felt that engine failure was due to fuel starvation. I feel that such things as max gross wt. operations, the door removed, wheel paints missing, a hot and humid day, and being an older aircraft all contributed to a higher fuel consumption rate than expected. I feel that I could prevent this from occurring in the future by making a more accurate measurement of fuel and a more careful consideration of the amount of fuel the aircraft may use. Inspection of the gas tanks ... showed that they were empty.
 
 
 5
 The government instituted this action four years and nine months later* by filing a complaint on March 14, 1990.
 
 
 6
 On June 4, 1990 the government moved for summary judgment. In a memorandum in opposition to the motion, Bernard stated that the government supplied no evidence of an investigation of mechanical malfunction and refused to disclose the FAA enforcement investigative report (EIR) and the name of the FAA investigator in order for Bernard to conduct a deposition. The district court subsequently granted a motion of Bernard to compel the government to produce the EIR. The government also identified the investigator and a deposition was scheduled.
 
 
 7
 On October 4, 1990 the government filed a motion for enlargement of time for discovery because depositions of Bernard and the FAA investigator could not be scheduled and completed prior to November 13, 1990. Defense counsel concurred in the motion. The district court ruled that a decision on the summary judgment motion would be issued promptly after the government filed a reply to Bernard's supplemental opposition to summary judgment and that further discovery would be permitted if the motion for summary judgment were denied. The reply was filed on October 11, and on October 18, 1990 the court issued an order granting summary judgment in favor of the government. Although the government had sought an assessment of civil penalties totalling $3,000, the court imposed a penalty of $500 based upon a determination that a five-year delay by the government in instituting the action warranted mitigation of sanctions. As a result of the grant of summary judgment prior to the date the depositions were scheduled, neither Bernard nor the FAA investigator were deposed.
 
 II.
 
 8
 "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 56(c)). In determining whether this showing has been made, a court must assess the factual evidence and all inferences to be drawn therefrom in a light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985). This court has cautioned that summary judgment is a drastic remedy and should not be granted unless "it is perfectly clear that there are no genuine issues of material fact." Ballinger v. North Carolina Agricultural Extension Serv., 815 F.2d 1001, 1004-05 (4th Cir.), cert. denied, 484 U.S. 897 (1987). The appellate standards of review of a grant of summary judgment is de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 
 9
 Summary judgment may be granted only upon an adequate record after the non-moving party has been afforded an opportunity for discovery necessary to develop facts essential to opposition of the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986). A refusal of a district court to permit further discovery prior to an entry of summary judgment is reviewed for an abuse of discretion. Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 277 (9th Cir.1988). We conclude that on the specific facts of this case the district court abused its discretion in granting summary judgment without allowing sufficient opportunity for discovery. The dilatory response by the government to Bernard's legitimate discovery requests coupled with a grant of summary judgment prior to the date on which depositions could be completed resulted in Bernard's inability to conduct even minimal discovery necessary to oppose the motion. In view of our holding, we need not address our concerns of whether Bernard's speculative post-accident statement, the sole evidence presented by the government, provides proof of a violation of these regulations and what effect policy considerations underlying an open exchange of information between pilots and FAA investigators may have on the use of this statement in these proceedings.
 
 
 10
 For the foregoing reasons, the grant of summary judgment and assessment of civil penalties is reversed and this matter is remanded for proceedings not inconsistent with this opinion.
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 A proceeding for the enforcement of a civil penalty must be commenced within five years of the date the claim first accrued. 28 U.S.C.A. § 2462 (West 1978)